**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JAMES HARRY HERBERT BORDAGES,<br><br>Plaintiff,<br><br>v.<br><br>GOVERNOR OF TENNESSEE,<br>TENNESSEE ATTORNEY GENERAL, and<br>JANE AND JOHN DOES 1–10,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:25-cv-02560-TLP-tmp |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Pro se Plaintiff James Harry Herbert Bordages sued Defendants Governor of Tennessee ("Governor") and the Tennessee Attorney General ("AG") in their official capacities, as well as Jane and John Does 1–10 for alleged constitutional violations. (ECF No. 2.) Under Administrative Order No. 2013-05, this Court referred the case to Magistrate Judge Chief Magistrate Judge Tu M. Pham to manage all pretrial matters. And in October 2025, Defendants Governor and AG moved to dismiss. (ECF No. 21.) Plaintiff then moved for a permanent injunction (ECF No. 27). Judge Pham later issued a Report and Recommendation ("R&R") recommending that the Court grant Defendants' Motion to Dismiss and deny Plaintiff's Motion for Permanent Injunction. (ECF No. 34.) Neither party objected. For the reasons below, the Court **ADOPTS** the R&R.

## BACKGROUND

Plaintiff sued here in June 2025 alleging that Tennessee Code Annotated §§ 39-17-1307(b)(1)(B) and 40-29-101 violate the Second and Fourteenth Amendments. (ECF No. 2 at

PageID 2–4.) Defendants Governor and AG moved to dismiss, arguing that the Court lacks subject matter jurisdiction and that the Western District of Tennessee is an improper venue. (ECF No. 21; ECF No. 22 at PageID 83–88.) After responding to the Motion (ECF No. 24), Plaintiff moved for a permanent injunction (ECF No. 27).

Magistrate Judge Pham recommends that this Court grant the Motion to Dismiss and dismiss this case without prejudice for improper venue. (*See* ECF No. 34 at PageID 167 ("Because Bordages has not provided any grounds from which the court could find that the interests of justice favor transferring this case in lieu of dismissal, the undersigned recommends dismissal of Bordages's claims without prejudice."). And he recommends denying Plaintiff's Motion for Permanent Junction because it is premature. (*Id.* at PageID 168 ("Because there have been no rulings on the merits of this case, and therefore no actual success, it is procedurally premature for Bordages to bring this motion at this early stage of the litigation.").)

## LEGAL STANDARD

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations for deciding pretrial matters. 28 U.S.C. § 636(b)(1)(A)–(B). And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). If the parties do not object, the district court reviews the R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee notes; *see also* 28 U.S.C. § 636(b)(1)(C).

Judge Pham entered his R&R on August 3, 2026. (ECF No. 34.) The R&R notified both parties that they had 14 days to object. But neither party did so, and the time to object has passed. The Court therefore reviews the R&R for clear error.

## DISPOSITION

Having reviewed the record, the Court finds no clear error in Judge Pham's R&R. In fact, the Court agrees with his well-reasoned analysis.

Start with the Motion to Dismiss. Although Judge Pham did not analyze Defendants' jurisdictional arguments, he accurately found that the Middle District of Tennessee was the proper venue. (ECF No. 34 at PageID 165.) *See* Tenn. Code Ann. § 4-1-205 ("The city of Nashville, in the county of Davidson, is the seat of the state government."); *Phillip v. Dozier*, No. 16-2072, 2016 WL 11480126, at *3 (W.D. Tenn. Apr. 5, 2016), *report and recommendation adopted*, 2016 WL 2731682 (W.D. Tenn. May 10, 2016) (finding venue improper in the Western District of Tennessee because the Governor of Tennessee, sued in his official capacity, resides in the Middle District of Tennessee). And Judge Pham also correctly found that the "interest of justice" does not require transferring this case to the Middle District. *See* 28 U.S.C. § 1406(a).

These two conclusions alone support the Court adopting the R&R. Of course, dismissing this case would render Plaintiff's Motion for Permanent Injunction moot. But Judge Pham still took the time to consider that Motion on the merits. The Court also finds no error in his recommendation that a *permanent* injunction is "procedurally premature . . . at this early stage of litigation." (ECF No. 34 at PageID 168.) *See, e.g.*, *Hogan v. Cleveland Ave Rest., Inc.*, No. 15-2883, 2021 WL 963746, at *1 (S.D. Ohio Mar. 15, 2021) ("Issuance of a permanent injunction is not proper until some final entry in this matter. Here, the merits of the case have not yet been adjudicated, and thus Plaintiffs cannot show "actual success on the merits" as required to obtain a permanent injunction.").

The Court therefore **ADOPTS** the R&R.

**CONCLUSION**

The Court has reviewed Judge Pham's R&R and finds no clear error. And so the Court **ADOPTS** the R&R's recommendation, **DISMISSES** Plaintiff's claims **WITHOUT PREJUDICE**, and **DENIES** Plaintiff's Motion for Permanent Injunction.

**SO ORDERED**, this 8th day of September, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE